RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/28/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WILLIAM MERCER, #15996-016         DOCKET NO. 11-CV-1498; SEC. P

VERSUS                              JUDGE JAMES T. TRIMBLE, JR.

USA, ET AL.                         MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Back before the Court is one of seven pro se complaints filed by Plaintiff William Mercer. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary (USP) in Pollock, Louisiana. He complains that the defendants temporarily discontinued a separate meal line for handicap inmates.

Plaintiff's complaint was dismissed except to the extent that he intended to raise a claim against Defendant Jeansonne in his individual capacity. [Doc. #11] He was ordered to amend his complaint to provide specific information to the district judge.

### *Plaintiff's Allegations*

Plaintiff alleges that, on August 8, 2009, and September 9, 2009, the food service department at USP-Pollock stopped the "short" line for the handicap inmates. He states that he sent in a grievance to the "region," and they opened the "short" line back up for the disabled inmates. [Doc. #1] Plaintiff states that he exhausted administrative remedies.

Plaintiff was ordered by the district judge to amend his complaint to state: (1) the specific dates on which Plaintiff was

deprived of food; (2) the names of any person or persons who acted to deprive Plaintiff of food; (3) what specific actions these particularly specified individuals undertook which resulted in plaintiff's deprivation of food; and (4) the circumstances of the alleged assault and the name of the person who is alleged to have assaulted plaintiff as alleged in his objections. [Doc. #11, p.2] In reply, Plaintiff provided that he was deprived of food on 8/8/09 and 9/8/09 at approximately 10:30 a.m.; that the deprivation was done by C. Jeansonne at USP-Pollock; that Jeansonne closed down the food line at 10:30 a.m. by shutting the door, resulting in Plaintiff missing meals on those two days/times; and that Plaintiff injured his hand when staff shut the door for the food line.

### Law and Analysis

Even after amending, Plaintiff still fails to state a claim against Jeansonne in his individual capacity for which relief can be granted. "[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998)(citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). To establish an Eighth Amendment claim, an inmate must show conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Davis v. Scott, 157 F.3d

1003, 1006 (5th Cir. 1998)(internal quotations omitted). Plaintiff complains that he missed two meals and injured his hand when the door was closed. He was not deprived of a signification amount of food, nor was he ever facing starvation. He has not set forth any serious or extreme deprivation. Moreover, he has not alleged more than a de minimis physical injury from the missed meals or the door closing on his hand. Even after amending, Plaintiff's claim is frivolous.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's remaining claim against Jeansonne be **DENIED and DISMISSED** with prejudice in accordance with the provisions of 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in Alexandria, Louisiana, this 27th day of September 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE